# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BFI GROUP, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 04 C 6854 |
| ROGER MITCHELL, LAURENCE ) | |
| LACAILLADE, VAUGHAN ) | Judge Ronald A. Guzmán |
| LACAILLADE, LASALLE NATIONAL ) | |
| BANK N.A., CRITERION PREMIUM ) | |
| FINANCE CORPORATION, ) | |
| CRITERION MANAGEMENT ) | |
| COMPANY, WALTON RISK ) | |
| SERVICES, INC. and HIGHBRIDGE/ ) | |
| ZWIRN REAL ESTATE PARTNERS, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

BFI Group, L.L.C., which has succeeded to CIB Bank's interest in this case and has been substituted for CIB Bank as plaintiff, has sued Roger Mitchell, Laurence LaCaillade, Vaughan LaCaillade, LaSalle National Bank N.A., Criterion Premium Finance Corporation ("Criterion Finance"), Criterion Management Company ("Criterion Management"), Walton Risk Services, Inc. and Highbridge/Zwirn Real Estate Partners, L.L.C. to foreclose a first preferred ship mortgage, to obtain judgments on a note and guarantees executed in favor of CIB and to foreclose on collateral used to secure the obligations to CIB. BFI has filed a motion pursuant to Federal Rule of Civil Procedure 56(c) for summary judgment, which none of the defendants oppose. For the reasons set forth below, the motion is granted.

## Facts[1]

On March 31, 2003, defendants Roger Mitchell and Laurence LaCaillade executed a line of credit note in favor of CIB. (Pl.'s LR 56.1(a) Stmt. ¶ 14.) Subsequently, the parties modified the note three times. (*Id.*) The note and its amendments (hereafter, "the note") were guaranteed by Vaughan LaCaillade, Criterion Finance, Criterion Management and Walton. (*Id.* ¶¶ 15, 34, 39, 44, 49.)

As collateral for the note, Mitchell executed a security agreement and preferred mortgage on a 1990 fifty-foot Soverel Sloop Hull vessel, identification number SVM500010584, official number 971298, called "First Echelon." (*Id.* ¶¶ 13, 16.) First Echelon is a U.S. vessel, duly documented under American law. (*Id.* ¶ 17.) On June 6, 2003, CIB recorded a preferred mortgage covering the entire vessel with the National Vessel Documentation Center, U.S. Coast Guard in book number 0373, page 193. (*Id.*)

As additional collateral for the note, Mitchell, the sole beneficiary of Trust No. 25-3330, had LaSalle National Bank, the trustee, execute a mortgage in CIB's favor on the trust's property at 1515 N. State Parkway, Chicago, Illinois. (*Id.* ¶¶ 56-57; *id.*, Ex. 1, Junior Mortgage, Security Agreement & Financing Statement at 2, 23.) CIB recorded the mortgage on April 21, 2003. (*Id.* ¶ 57e.)

As additional collateral for the note, Criterion Finance gave CIB a security interest in Criterion Finance's inventory, certified and uncertified securities, insurance policies, chattel paper, accounts, equipment and general intangibles, then existing or thereafter acquired. (*Id.* ¶ 59.) CIB

---

[1] None of the defendants filed a statement disputing CIB/BFI's LR 56.1(a) Statement of Undisputed Material Facts. Thus, by operation of the Local Rule, all of the facts asserted by BFI are deemed admitted.

filed a UCC financing statement on the collateral with the Illinois Secretary of State. (*Id.* ¶ 60; *see id.*, Ex. N, 5/12/03 Financing Statement.)

As additional collateral for the note, Criterion Management gave CIB a security interest in Criterion Management's inventory, certified and uncertified securities, insurance policies, chattel paper, accounts, equipment and general intangibles, then existing or thereafter acquired. (*Id.* ¶ 61.) CIB filed a UCC financing statement on the collateral with the Illinois Secretary of State. (*Id.* ¶ 62; *see id.*, Ex. P, 5/12/03 Financing Statement.)

As additional collateral for the note, Walton gave CIB a security interest in Walton's inventory, certified and uncertified securities, insurance policies, chattel paper, accounts, equipment and general intangibles, then existing or thereafter acquired. (*Id.* ¶ 63.) CIB filed a UCC financing statement on the collateral with the Illinois Secretary of State. (*Id.* ¶ 64; *see id.*, Ex. R, 5/12/03 Financing Statement.)

As additional collateral for the note, Laurence LaCaillade and Mitchell gave CIB a security interest in their Transamerica Occidental life insurance policies, policy numbers 92479499 and 92479155, respectively. (*Id.* ¶¶ 73-74.) Each also pledged to CIB 500 shares of the stock of Marl III Holding Company, an Illinois corporation, and 25,000 shares of the stock of the Echelon Group, an Illinois corporation. (*Id.* ¶¶ 65, 67, 69, 71.)

CIB has performed all of its obligations under the note, which came due on May 5, 2004. (*Id.* ¶¶ 18-19.) Mitchell and Laurence LaCaillade defaulted on the note. (*Id.* ¶¶ 20, 26, 32.) None of the guarantors, Vaughan LaCaillade, Criterion Finance, Criterion Management or Walton, has paid the indebtedness. (*Id.* ¶¶ 15, 34, 38-39, 43-44, 48-49, 53.) As of August 11, 2005, the amount due on the note, including interest and late fees, but excluding attorneys' fees, costs and expenses

of collection, was $2,428,517.05. (*Id.* ¶ 21.) Interest continues to accrue at a rate of $459.72 per day. (*Id.*)

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

## Discussion

In Counts I-VI of the amended complaint, BFI asserts claims for breach of promissory note and breach of guaranty against Mitchell, Laurence LaCaillade, Vaughan LaCaillade, Criterion Finance, Criterion Management and Walton. Federal law permits BFI to "enforce a claim for the outstanding indebtedness secured by [a] mortgaged vessel in . . . a civil action in personam in admiralty against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness" in the event of default on a preferred mortgage. 46 U.S.C. § 31325(b)(2)(A). A preferred mortgage is "a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel" that:

4

(1) includes the whole of the vessel; (2) is filed in substantial compliance with section 31321 of this title; (3)(A) covers a documented vessel; or (B) covers a vessel for which an application for documentation is filed that is in substantial compliance with the requirements of chapter 121 of this title and the regulations prescribed under [it].

46 U.S.C. §§ 31322, 31325(a).

It is undisputed that: (1) Mitchell and Laurence LaCaillade executed the note in favor of CIB; (2) the note was secured, in part, by a mortgage on the First Echelon, a documented U.S. vessel; (3) the mortgage covered the entire vessel; (4) CIB performed all of its obligations under the note; (5) Mitchell and Laurence LaCaillade defaulted on the note; (6) none of the guarantors have paid the indebtedness; and (7) Mitchell and Laurence LaCaillade still owe about $2.5 million on the note. (Pl.'s LR 56.1(a) Stmt. ¶¶ 13-53.) Thus, BFI, as successor to CIB, is entitled to judgment as a matter of law on Count I (breach of promissory note against Laurence LaCaillade), Count II (breach of promissory note against Roger Mitchell), Count III (breach of guaranty against Vaughan LaCaillade), Count IV (breach of guaranty against Criterion Finance), Count V (breach of guaranty against Criterion Management) and Count VI (breach of guaranty against Walton).

In Count VII, BFI asserts a breach of note claim against Mitchell arising from another line of credit note he executed in favor of CIB. Mitchell has consented to judgment on Count VII. (*See id.* ¶ 54.)

In Count VIII, BFI seeks to foreclose on the mortgage on 1515 N. State Parkway, Chicago, Illinois. It is undisputed that Mitchell, the sole beneficiary of Trust No. 25-3330, had LaSalle National Bank, the trustee, execute a mortgage in CIB's favor on the trust's property at that address as collateral for the note. (*Id.* ¶¶ 56-57; *id.*, Ex. I, Junior Mortgage, Security Agreement & Financing Statement at 2, 23.) CIB recorded the mortgage on April 21, 2003. (*Id.* ¶ 57e.) It is also undisputed

5

that CIB performed all of its obligations under the note, that Mitchell and Laurence LaCaillade defaulted on the note and that they owe approximately $2.5 million on it. (*Id.* ¶¶ 19-21, 26, 32.) Thus, BFI is entitled to a judgment of foreclosure on Count VIII.

In Counts IX-XI, BFI seeks to foreclose on its security interest in the personal property of Criterion Finance, Criterion Management and Walton. It is undisputed that all three entities gave CIB a security interest in their inventory, certified and uncertified securities, insurance policies, chattel paper, accounts, equipment and general intangibles, then existing or thereafter acquired, as collateral for the note. (*Id.* ¶¶ 59, 61, 63.) It is also undisputed that CIB filed UCC financing statements on the collateral with the Illinois Secretary of State, that CIB performed its obligations under the note, that Mitchell and LaCaillade defaulted on the note and that they still owe approximately $2.5 million on it. (*Id.* ¶¶ 19-21, 26, 32, 60, 62, 64; *see id.*, Exs. N, P & R, 5/12/03 Financing Statements.) BFI is, therefore, entitled to a judgment of foreclosure on Counts IX-XI.

In Counts XII-XV, BFI seeks the Court's approval to sell the stock pledged to CIB by Mitchell and Laurence LaCaillade. It is undisputed that Laurence LaCaillade and Mitchell each pledged to CIB 500 shares of the stock of Marl III Holding Company, an Illinois corporation, and 25,000 shares of stock of the Echelon Group, an Illinois corporation, as collateral for the note. (*Id.* ¶¶ 65, 67, 69, 71.) It is also undisputed that CIB performed its obligations under the note, that Mitchell and LaCaillade defaulted on the note and that they still owe approximately $2.5 million on it. (*Id.* ¶¶ 19-21, 26, 32.) Thus, the Court holds that BFI is entitled to sell the shares of stock pledged to CIB by Mitchell and Laurence LaCaillade.

In Counts XVI and XVII, BFI seeks to foreclose on the life insurance policies assigned to CIB by Mitchell and Laurence LaCaillade. It is undisputed that Laurence LaCaillade and Mitchell

gave CIB a security interest in Transamerica Occidental life insurance policy numbers 92479499 and 92479155 as collateral for the note. (*Id.* ¶¶ 73-74.) It is also undisputed that CIB performed its obligations under the note, that Mitchell and LaCaillade defaulted on the note and that they still owe approximately $2.5 million on it. (*Id.* ¶¶ 19-21, 26, 32.) Thus, BFI is entitled to a judgment of foreclosure on Counts XVI and XVII.

That leaves Counts XVIII and XIX. Mitchell has consented to judgment on Count XVIII, which seeks foreclosure on CIB's security interest in some of Mitchell's investment property, and BFI has voluntarily dismissed Count XIX.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on the claims BFI asserts against defendants in Counts I-VI or VIII-XVII of the amended complaint and BFI is entitled to judgment as matter of law on those claims. BFI's motion for summary judgment [doc. no. 49] is, therefore, granted. The parties are ordered to appear before the Court at a status hearing on March 8, 2006 at 9:30 a.m. to discuss the contents of the final judgment order.

**SO ORDERED.**  ENTERED: 2/28/2006

HON. RONALD A. GUZMAN
United States District Judge